PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM A. BROWN,

      Petitioner-Appellant,

v.

JOHN SHANKS, Warden; ATTORNEY
GENERAL STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 98-2138

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-96-516-LH/JHG)**

---

Michael A. Keefe, Assistant Federal Public Defender, Albuquerque, New Mexico for
Petitioner-Appellant.

Ann M. Harvey, Assistant Attorney General (Tom Udall, Attorney General, with her on
the brief), Santa Fe, New Mexico for Respondents-Appellees.

---

Before **ANDERSON**, **TACHA**, and **BALDOCK**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

      Petitioner William A. Brown appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus.  Our jurisdiction arises under 28 U.S.C.

§ 2253.[1]  We reverse and remand with instructions that the petition be dismissed for failure to exhaust state court remedies.

I. Background

On September 8, 1994, authorities charged Petitioner in a criminal information with escaping from Camp Sierra Blanca in Fort Stanton, New Mexico.  On January 5, 1995, in the District Court of Lincoln County, New Mexico, Petitioner pleaded no contest to escape, in violation of N.M. Stat. § 30-22-9.  Petitioner also admitted that he was a habitual offender under the New Mexico Habitual Offender Act, N.M. Stat. § 31-18-17, as alleged in the supplemental criminal information filed in the case.   On January 12, 1995, the district court sentenced Defendant to six years for escape and suspended the sentence, except for time served.  The court also sentenced Petitioner to four years of imprisonment under the New Mexico Habitual Offender Act.  This sentence was to run consecutively to the sentence Petitioner was serving on charges unrelated to this appeal.

As a result of the escape, Petitioner also was subject to disciplinary action by the New Mexico Department of Corrections ("DOC").  Authorities questioned Petitioner at the Lincoln County Detention Center, where Petitioner admitted to drinking some "home

---

[1]  Petitioner filed the instant petition on April 16, 1996, prior to the effective date of the AEDPA.  Therefore, the provisions of the act do not apply.  See Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998).  An appeal of Petitioner's pre-AEDPA claims requires a certificate of probable cause under former 28 U.S.C. § 2253.  See id. at 1316 n.2.  Accordingly, we granted a certificate of probable cause in this appeal on February 12, 1999.

brew" and escaping from Camp Sierra Blanca at approximately 6:00 p.m. on August 25, 1994. The DOC investigator referred the matter to a disciplinary hearing officer. The DOC hearing officer conducted a hearing at Camp Sierra Blanca on August 29, 1994. Petitioner waived his right to appear. The hearing officer found Petitioner guilty of escape and recommended a loss of good time credit. The warden approved the recommendation and the DOC forfeited one year of Petitioner's accumulated good time credit.

On November 30, 1995, Petitioner filed a petition for a writ of habeas corpus in New Mexico state court. The district court summarily dismissed the petition. Petitioner then filed a petition for a writ of certiorari, which the New Mexico Supreme Court denied on February 12, 1996. Petitioner subsequently filed the instant habeas petition in federal district court. On April 20, 1998, the federal district court denied his habeas petition.

On appeal, Petitioner asserts as grounds for relief that: (1) his conviction and sentence for escape, coupled with his loss of good time, violated the double jeopardy clause; (2) his due process rights were violated because he was convicted under a statute that did not apply to his circumstances; and (3) his due process rights were violated when he was sentenced to four years as a habitual offender after his underlying sentence for escape was suspended. Petitioner also asserts that the district court erred by refusing to hold an evidentiary hearing on his claims that trial counsel was ineffective for failing to: (1) raise the double jeopardy bar to prosecution; (2) argue that Petitioner was charged

under the wrong statute; (3) challenge the habitual offender sentence; (4) pursue an intoxication defense; and (5) move to suppress Petitioner's post-arrest statement.

## II. Analysis

Our review in federal habeas proceedings is limited. We may grant relief to a state prisoner only if state court error "deprived him of fundamental rights guaranteed by the Constitution of the United States." Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998) (internal quotations omitted). We review de novo the legal issues, "affording deference to the state court's construction of state law." Id. (citing Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). We review the federal district court's fact finding for clear error, id., and, in doing so, presume that the state court's factual findings are correct unless they are not fairly supported by the record. Sena v. New Mexico State Prison, 109 F.3d 652, 653 (10th Cir. 1997).

Before we reach the merits of Petitioner's claims, we first turn to whether Petitioner exhausted the remedies available to him in state court. The state asserts that Petitioner has not exhausted one of his ineffective assistance of counsel claims. Specifically, the state argues that Petitioner presented for the first time in his federal habeas petition the claim that trial counsel unreasonably failed to pursue an intoxication defense.[2]

---

[2] Although the state raised the exhaustion issue in the district court, the court did not resolve the matter. Instead, the court denied relief for this claim on the merits. See Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir. 1992) (permissible to deny unexhausted

In order to obtain federal habeas corpus relief, a state prisoner must first exhaust the remedies available in the state courts. See Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied if the issues have been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Id. "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).

In this case, Petitioner filed a habeas corpus petition in the state district court. After the court denied the petition, he filed a petition for a writ of certiorari in the New Mexico Supreme Court, which the court denied. Even construing his pro se petitions liberally, Petitioner did not raise an ineffective assistance claim based on counsel's failure to investigate and pursue an intoxication defense.

Petitioner alleged in his state petition that counsel "failed to raise significant and obvious issues" when representing Petitioner. Specifically, Petitioner asserted that counsel misadvised him regarding the proper criminal statute applicable to his conduct and failed to raise a double jeopardy claim before the trial court. Petitioner also asserted that his counsel had a conflict of interest because he was appointed by the trial judge. The petition does not mention counsel's failure to investigate or pursue any defenses, including intoxication. Therefore, Petitioner failed to exhaust his state court remedies as

claim on the merits); see also 28 U.S.C. § 2254(2).

5

to this claim.

If a habeas petition contains both exhausted and unexhausted claims we may reach the merits to deny the unexhausted claim, see Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir. 1992), or dismiss the entire petition to allow Petitioner to return to state court to pursue his state court remedies.[3]   See Rose, 455 U.S. at 510 ("mixed petitions" containing both exhausted and unexhausted claims must be dismissed).   In this case, we will remand to the district court with instructions to dismiss the petition without prejudice to allow Petitioner to pursue the unexhausted claim in state court or to refile a federal habeas petition containing only his exhausted claims.[4] See id.

We choose this course because the ineffective assistance claim raised by Petitioner necessarily involves an issue of first impression in New Mexico, that is whether N.M. Stat. § 3-22-9, the escape statute at issue in this case, contains a specific intent requirement that can be negated by intoxication or is instead a general intent statute. Instead of attempting to extrapolate what we believe the New Mexico Supreme Court would hold if faced with

---

[3] Although Petitioner indicated in his opening brief that he would abandon this claim rather than have the entire petition dismissed if the court concluded that the claim was unexhausted, at oral argument he unequivocally stated that he would neither abandon nor waive the ineffective assistance claim based on the intoxication defense. Consequently, we are left only with the choice between denying the claim on the merits or dismissing the entire petition.

[4] Instead of returning to state court Petitioner has the option of simply omitting his unexhausted claim in a new federal habeas petition.  By doing so, however, Petitioner runs the risk of having any subsequent habeas petition raising his unexhausted claim dismissed as an abuse of the writ.  See Harris v. Champion, 48 F.3d 1127, 1131 (10th Cir. 1995).

this question, <u>see</u> <u>Fransen v. Conoco, Inc.</u>, 64 F.3d 1481, 1492 n.10 (10th Cir. 1995), we think the more prudent course is to allow the New Mexico courts to determine this issue in the first instance.

III. Conclusion

For the reasons set forth above, the judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent with this opinion.