F I L E D
United States Court of Appeals
Tenth Circuit

AUG 4 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN FRANCISCO RICARDO,

     Petitioner-Appellant,

v.

CHARLES RAY; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents-Appellees.

No. 00-1150
(D.C. No. 00-Z-364)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Proceeding pro se, Juan Francisco Ricardo ("Ricardo"), a prisoner at Ben

County Correctional Facility at Las Animas, Colorado, seeks to appeal the district

court's denial of his habeas corpus petition. Ricardo filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 claiming that: (1) he is being denied

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

due process and equal protection by having to serve his entire sentence without the benefit of credits for presentence confinement, earned time, and good time because he is an illegal immigrant; (2) he is being subjected to cruel and unusual punishment because the state correctional system intentionally creates inordinate delays to keep him incarcerated past his release date; and (3) the D.O.C. and the parole board are subjecting him to cruel and unusual punishment by requiring him to serve more of his sentence than other inmates with the same conviction and sentence. The district court determined that Ricardo had failed to exhaust state remedies and dismissed pursuant to 28 U.S.C. § 2254(b)(1). The district court also denied Ricardo's requests for a certificate of appealability ("COA") and for leave to proceed in forma pauperis on appeal. Ricardo, reasserting the claims raised before the district court, now requests this court to grant COA. We deny Ricardo's request for a COA.

As a threshold matter, the district court concluded that the action should be construed under § 2254 presumably because Ricardo is challenging his custody pursuant to the judgment of the state court. However, as we stated in Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000), a petition filed by a state prisoner challenging the execution of a sentence, rather than the validity of a conviction and/or sentence, is properly brought under 28 U.S.C. § 2241. Id. at 865. Here, Ricardo is challenging the execution of his sentence, rather than the validity of

the conviction itself, therefore, this court will treat the petition as one arising under § 2241.

This court has held that "consistent with the plain language of § 2253(c)(1)(A), . . . a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241." Montez, 208 F.3d at 867. The Supreme Court's recent decision in Slack v. McDaniel, 120 S.Ct. 1595 (2000) controls our analysis of Ricardo's request for a COA. Under § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's claim, as the district court in this case did when it dismissed Ricardo's petition for failure to exhaust state remedies, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604. The Court further explained that, "[e]ach component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. The Court

then reiterated the legal principle that courts are encouraged to resolve the procedural issues if possible and thereby avoid passing upon the constitutional issue. Id.

In this case, "jurists of reason" would not find it debatable whether Ricardo exhausted his state court remedies before seeking relief. This court has held that a habeas petitioner is required to exhaust state remedies under 28 U.S.C. § 2241. Montez, 208 F.3d at 866. "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotations omitted). Ricardo does not dispute that he has failed to raise these issues before a state court on either direct review or in a postconviction attack. As a result, Ricardo has not presented the issues he raises in his habeas petition to the Colorado Supreme Court, and therefore has not satisfied the exhaustion requirement.

Ricardo argues, however, that he should be exempt from the exhaustion requirement because of the inordinate delays by the "state administrative and/or court corrective system," that he alleges will occur if he is required to first exhaust his claims. While we have held that "[i]nordinate and unjustified delay by the state in adjudicating a direct criminal appeal can make the state process ineffective to protect the petitioner's rights," Harris v. Champion, 48 F.3d 1127,

1132 (10th Cir. 1995) (internal quotations omitted) (emphasis added), this holding is of no help to Ricardo. First, if Ricardo were to return to state court to exhaust his state remedies he would be doing so pursuant to state post-conviction proceedings. Thus, it is unclear whether Harris would even apply given that any delay would be on state habeas, rather than on direct criminal appeal. Second, even if we were to extend Harris to cover state habeas proceedings, Ricardo cannot currently show that the state habeas procedures have resulted in an "inordinate and unjustified delay" because he has not yet filed anything in the state courts. Thus, no clock has started to click by which we could measure the length of a delay. Ricardo's assertions that there will be a delay are insufficient to suspend the exhaustion requirement.

Ricardo's motion for leave to proceed in forma pauperis is GRANTED. Ricardo's request for a COA is DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge