**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2000**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MARTIN EDWARD CAMPBELL,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 00-2126, 00-2181
(D.C. No. CIV-00-189-BB/LFG)
(New Mexico)

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Martin Edward Campbell appeals the dismissal, without prejudice, of his habeas corpus action brought pursuant to 28 U.S.C. § 2241 for failure to exhaust state court remedies.

Mr. Campbell challenges his incarceration in the Lea County Correctional Facility (LCCF), a privately-run prison facility in New Mexico, on the grounds that it violates both state law and his constitutional rights. Mr. Campbell claims he is a third-party beneficiary of the contract between the New Mexico Corrections Department (NMCD) and Lea County, as well as the contract between Lea County and Wackenhut Corrections Corporation (Wackenhut), the company that operates LCCF. He maintains his constitutional rights have been violated because Lea County and Wackenhut have breached these contracts by failing to ensure the proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff. Mr. Campbell alleges that the Defendants, Governor Gary Johnson, Secretary of Corrections Robert Perry, and the NMCD, therefore violated the terms of N.M. Stat. Ann. § 31-20-2(G) by failing to adequately comply with NMCD standards for housing inmates at LCCF. As a result, he alleges that he has suffered unspecified, but serious and irreparable harm. Finally, Mr. Campbell claims that Lea County is

not "in the business of providing correctional or jail services to government entities." Thus, he believes the Lea County contract to provide such services violates N.M. Stat. Ann. § 33-1-17(B) and also infringes upon his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution.

Mr. Campbell filed a pro se petition in the New Mexico district court for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order vacating his conviction and sentence and granting his unconditional release. The magistrate judge issued a sua sponte show cause order for Mr. Campbell to explain why the petition should not be dismissed for failure to exhaust state remedies. After consideration of Mr. Campbell's response to the show cause order, the district court dismissed the petition without prejudice. Mr. Campbell appealed. The district court subsequently denied his application to proceed in forma pauperis on appeal, and he appealed that order as well. He also seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c).[1]

In *Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000), this court held that a habeas petition challenging a transfer to a privately run prison may be cognizable under § 2241. We made clear that a state habeas petitioner is

---

[1]The petition and appeals in this case were filed subsequent to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, AEDPA applies and Mr. Campbell must obtain a certificate of appealability in order to proceed on appeal.

generally required to exhaust state remedies when his action is brought under §

2241. *See id.* at 866.[2] We also held that a certificate of appealability is required

for a § 2241 appeal. *See id.* at 866-69. To obtain a certificate of appealability, a

habeas petitioner must make a substantial showing of the denial of a

constitutional right. *See* 18 U.S.C. § 2253(c)(2). This showing requires a

demonstration that reasonable jurists could debate whether the petition should

have been resolved in a different manner. *See Slack v. McDaniel*, 120 S. Ct.

1595, 1603-04 (2000). We conclude Mr. Campbell has failed to make this

showing.

First, Mr. Campbell's state law claims are not cognizable in a federal

habeas actions. *See* 28 U.S.C. § 2241(c)(3); *Montez*, 208 F.3d at 865. Further, to

the extent Mr. Campbell challenges his transfer per se to a private facility

pursuant to contract, such a claim is not cognizable under § 2241. *See id.* at 865-

66; *accord Rael v. Williams*, No. 00-2145, 2000 WL 1051845 (10th Cir. July 31,

2000) (fact that inmate is transferred to, or must reside in, a private prison does

not raise a federal constitutional claim).[3] Finally, to the extent Mr. Campbell

raises cognizable federal constitutional claims, the district court properly

---

[2] The prisoner in that case had failed to exhaust his state remedies, but we nevertheless rejected his challenge on the merits, relying upon 28 U.S.C. § 2254(b)(2) as analogous authority.

[3] We note that the district court did not have the benefit of our decisions in *Montez* and *Rael*, which we decided after the district court dismissed the petition.

dismissed his petition without prejudice for failure to exhaust. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to the federal courts in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *accord Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).

Accordingly, we **DENY** Mr. Campbell's request for a certificate of appealability and **DISMISS** this appeal. Mr. Campbell's application to proceed on appeal in forma pauperis is **DENIED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge