**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FLOYD BLACKBURN,

        Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; GARY
JOHNSON, Governor, State of New
Mexico; ROBERT PERRY, Secretary
of Corrections; NEW MEXICO
CORRECTIONS DEPARTMENT,
State of New Mexico; WACKENHUT
CORRECTIONS CORPORATION, a
Florida corporation; LEA COUNTY,
NEW MEXICO; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

        Respondents-Appellees.

No. 00-2240

D.N.M.

(D.C. No. CIV-00-295-BB)

---

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. [**]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for decision on the briefs

(continued...)

Floyd Blackburn, proceeding pro se, appeals the dismissal, without prejudice, of his habeas corpus action brought pursuant to 28 U.S.C. § 2241 for failure to exhaust state court remedies. [1] Mr. Blackburn challenges his incarceration in the Lea County Correctional Facility (LCCF), a privately-run prison facility in New Mexico, on the grounds that it violates both state law and his constitutional rights. Mr. Blackburn claims he is a third-party beneficiary of the contract between the New Mexico Corrections Department (NMCD) and Lea County, as well as the contract between Lea County and Wackenhut Corrections Corporation (Wackenhut), the company that operates LCCF. He maintains his constitutional rights have been violated because Lea County and Wackenhut have breached these contracts by failing to ensure the proper classification of inmates and failing to provide a sufficient number of properly trained and adequately experienced staff. Mr. Blackburn alleges that the Defendants, Governor Gary

---

[**](...continued)
without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

[1] This action has a somewhat unusual procedural history. The district court opened this action as a § 2254 petition, and, noting that Mr. Blackburn had already filed a § 2254 petition, transferred the petition to this court for a ruling under AEDPA on the issue of whether Mr. Blackburn had permission to file a second and successive § 2254 petition. This court, in appeal No. 00-2098, ruled that this was a § 2241 rather than a § 2254 petition, vacated the order of transfer and remanded the action to the district court for further proceedings. Meanwhile, Mr. Blackburn appealed the order of transfer to this court. That appeal, No. 00-2111, has been dismissed.

Johnson, Secretary of Corrections Robert Perry, and the NMCD, therefore violated the terms of N.M. Stat. Ann. § 31-20-2(G) by failing to adequately comply with NMCD standards for housing inmates at LCCF. As a result, he alleges that he has suffered unspecified, but serious and irreparable harm. Mr. Blackburn also claims that Lea County is not "in the business of providing correctional jail services to government entities." Aplts' Br. at 4. Thus, he believes the Lea County contract to provide such services violates N.M. Stat. Ann. § 33-1-17(B) and also infringes upon his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. Finally, Mr. Blackburn contends that Wackenhut engaged in fraud through its contract, in violation of N.M. Stat. Ann. § 30-16-6 and that the acts of all of the defendants constitutes a pattern of racketeering activity prohibited under N.M. Stat. Ann. § 30-42-3(D).

Mr. Blackburn filed a pro se petition in the New Mexico district court for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order vacating his conviction and sentence and granting his unconditional release. The magistrate judge issued a sua sponte show cause order for Mr. Blackburn to explain why the petition should not be dismissed for failure to exhaust state remedies. After

consideration of Mr. Blackburn's response to the show cause order, the district court dismissed the petition without prejudice. Mr. Blackburn appealed. He also seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

In Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000), this court held that a habeas petition challenging a transfer to a privately run prison may be cognizable under § 2241. We made clear that a state habeas petitioner is generally required to exhaust state remedies when his action is brought under § 2241. See id. at 866. The prisoner in that case had failed to exhaust his state remedies, but we nevertheless rejected his challenge on the merits, relying upon 28 U.S.C. § 2254(b)(2) as analogous authority.

We also held that a certificate of appealability is required for a § 2241 appeal. See id. at 866-69. To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. See 18 U.S.C. § 2253(c)(2). This showing requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner. See Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). We conclude Mr. Blackburn has failed to make this showing.

First, Mr. Blackburn's state law claims are not cognizable in a federal habeas actions. See 28 U.S.C. § 2241(c)(3); Montez, 208 F.3d at 865. Further, to the extent Mr. Blackburn challenges his transfer per se to a private facility

pursuant to contract, such a claim is not cognizable under § 2241.     See id. at 865-66; accord Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (stating that fact that inmate is transferred to, or must reside in, a private prison, "simply does not raise a federal constitutional claim"). [2]

Finally, to the extent Mr. Blackburn raises cognizable federal constitutional claims, the district court properly dismissed his petition without prejudice for failure to exhaust. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to the federal courts in a habeas petition."     O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999);    accord Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999).

Accordingly, we DENY Mr. Blackburn's request for a certificate of appealability and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
United States Circuit Judge

---

[2] We note that the district court did not have the benefit of our decisions in Montez and Rael, which we decided after the district court dismissed the petition.