**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BILLIE WOOLSTENHULME,

     Plaintiff - Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
LAWRENCE TAFOYA, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

     Defendants - Appellees.

AND

BILLIE WOOLSTENHULME,

     Plaintiff - Appellant,

v.

LAWRENCE TAFOYA, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

     Defendants - Appellees.

No. 02-2128
D.C. No. CIV-01-1265-WJ/KBM
(D. New Mexico)

No. 02-2129
D.C. No. CIV-01-1031-WJ/KBM
(D. New Mexico)

ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.

(continued...)

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

Billie Woolstenhulme brings these unconsolidated appeals pro se to collaterally attack his state sentence under § 2254. In his first petition (Petition 1), he lists a series of challenges to a 1997 plea bargain including that (1) he never entered into a valid agreement to subject himself to habitual offender proceedings in the event of a probation violation, (2) his attorney misled others into believing that Woolstenhulme had entered into such an agreement, and (3) that the habitual offender provisions were never mentioned in his plea colloquy for the 1997 crimes. In Woolstenhulme's second petition (Petition 2), he challenges a 1999 plea bargain on the ground that he was denied the right to a speedy trial.

Yet in his 1999 plea bargain, Woolstenhulme admitted all of the facts that he contests surrounding the 1997 plea bargain. We find the substance of Petition 1 to have then been waived. Moreover, as there is no evidence in the record that Woolstenhulme was not granted his right to a speedy trial during the

*(...continued)
34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1999 proceedings, we find the substance of Petition 2 to be without merit. We will deny the issuance of a certificate of appealability (COA) in both appeals.

In 1997, Woolstenhulme pled guilty in New Mexico to six counts of fraud-related crimes and one count of possession of a stolen vehicle. He also admitted his identity as a person convicted of eight prior crimes in Oregon. A clause inserted into this 1997 plea agreement advised Woolstenhulme that, if he violated any law or condition of probation after he entered the agreement, he would be "subject to habitual offender proceedings" based on those crimes. Woolstenhulme signed the agreement, reaffirming under extensive questioning from the judge both that he understood its terms and that the signature was his.

In 1999, Woolstenhulme twice violated the terms of his probation and was indicted for commercial burglary and larceny. Facing nearly forty years of additional time under the habitual offender provisions of the 1997 plea agreement, Woolstenhulme initially moved to challenge its validity in the state system. But then he entered into a new plea agreement whereby he pled guilty to the charged burglary and admitted to the violations of his probation. Under this new plea agreement, Woolstenhulme would only serve sixteen years for the habitual offender enhancement part of his sentence. He does not here challenge the plea colloquy or the binding effect of his 1999 agreement.

This petitioner has filed under § 2254 before. His previous filing alleged ineffective assistance of counsel and was dismissed for failure to exhaust that claim at the state level. The magistrate judge and district court here, however, chose to examine the merits of Woolstenhulme's new filings as promoting additional litigation of the case in state courts would be fruitless. Federal courts have the authority to deny unexhausted claims that lack merit under <u>Brown v. Shanks,</u> 185 F.3d 1122, 1123 (10th Cir. 1999).

Turning to examine Woolstenhulme's first petition, we agree with the magistrate judge and the district court that his objections to the 1997 plea agreement have been waived. The 1999 plea agreement covered the identical ground. Woolstenhulme has admitted his prior convictions in open court and accepted his sentence for them as a habitual offender. <u>See, e.g.,</u> <u>Tollett v. Henderson,</u> 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.")

Turning to examine Woolstenhulme's second petition, we agree that there is no evidence in the record to support Woolstenhulme's allegation that he was denied the right to a speedy trial in 1999. Indeed, Woolstenhulme's own motion to supplement his filings asserts that the state court judge in the 1999 case denied

his motion for continuance and forced him to appear in a timely way. He pled guilty to the crime with which he was charged, obtained a highly favorable plea bargain to reduce the amount of time he would serve for his violation of probation, and received a plea hearing the same day. On these facts, there can be no merit to Woolstenhulme's second petition.

For substantially the reasons stated by the magistrate judge and the district court, we DENY the issuance of COA in response to both of Woolstenhulme's petitions and DISMISS his appeals. All outstanding motions are denied.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge