**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL WILSON SOSA,

Petitioner - Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents - Appellees.

No. 02-2243
(D.C. No. CIV-01-1457-LH/DJS)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1999, *pro se* petitioner Daniel Wilson Sosa was convicted by a New Mexico state jury of first degree murder. On December 31, 2001, Sosa filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The federal district court denied the petition and Sosa is before this court seeking a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Sosa is not entitled to a COA unless he can make a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Sosa can make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

In his § 2254 petition, Sosa alleged that: (1) he was denied due process because one of the witnesses against him at trial received a bribe in exchange for her false testimony; (2) the state of New Mexico failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83, (1963); and (3) his trial counsel was constitutionally ineffective. Although Sosa had not exhausted all the remedies available to him in New Mexico state court, the magistrate judge prepared a comprehensive Report and Recommendation addressing the merits of each issue raised in Sosa's petition. *See Brown v. Shanks*, 185 F.3d 1122, 1125

(10th Cir. 1999) ("If a habeas petition contains both exhausted and unexhausted claims we may reach the merits to deny the unexhausted claim . . . .").  The district court adopted the magistrate's recommendation and dismissed Sosa's petition.

We have reviewed Sosa's application for a COA and appellate brief, the magistrate judge's report and recommendation, the district court order, and the entire record on appeal.  We have also conducted a "preliminary, though not definitive, consideration" of the legal framework applicable to each of Sosa's claims.  *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003).  From that examination, we conclude that Sosa has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  Accordingly, Sosa has not made "a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c).  This court **denies** Sosa's request for a COA and **dismisses** this appeal.  All outstanding motions are **dismissed** as moot.

ENTERED FOR THE COURT,

Michael R. Murphy
Circuit Judge