FILED
United States Court of Appeals
Tenth Circuit

April 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NOAH J. GLEASON,

Petitioner - Appellant,

v.

DAVID R. MCKUNE; DEREK
SCHMIDT, Attorney General of the
State of Kansas,

Respondents - Appellees.

No. 12-3212

(D. Kansas)

(D.C. No. 5:11-CV-03110-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Applicant Noah J. Gleason, a Kansas prisoner, applied pro se for relief

under 28 U.S.C. § 2254 in the United States District Court for the District of

Kansas. The district court denied his application. He now seeks a certificate of

appealability (COA) from this court to allow him to appeal the district court's

decision. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of

§ 2254 relief). We deny the application for a COA and dismiss the appeal.

**I.      BACKGROUND**

In 2002 Applicant was convicted in Kansas state court on one count of

felony murder and was sentenced to life imprisonment. *See State v. Gleason*,

88 P.3d 218, 225–26 (Kan. 2004). The Kansas Supreme Court affirmed his

conviction and sentence. *See id.* at 223. The Kansas Court of Appeals twice affirmed the denial of his motions for postconviction relief, *see Gleason v. State*, 163 P.3d 1272, 2007 WL 2301919 (Kan. App. Aug. 10, 2007) (unpublished table decision); *Gleason v. State*, 239 P.3d 114, 2010 WL 3853191 (Kan. App. Sept. 24, 2010) (unpublished table decision); on each occasion the Kansas Supreme Court denied review.

Applicant then filed his § 2254 application raising 11 claims of violations of his rights to due process and a fair trial under the United States Constitution: (1) trial counsel was ineffective in numerous respects; (2) the trial court gave an aiding-and-abetting instruction that misstated Kansas law; (3) the prosecutor used a theory of the crime in prosecuting him that was inconsistent with the theory used in prosecuting his codefendants; (4) the prosecutor introduced false evidence of Applicant's confession and made a false statement in argument to the jury; (5) the prosecutor introduced evidence of Applicant's past crimes in violation of a trial-court order; (6) the prosecutor did not disclose to the jury the terms of the plea of a codefendant; (7) the prosecutor and law-enforcement officers withheld evidence; (8) the district court failed to hold adequate pre- and post-trial evidentiary hearings; (9) appellate counsel was ineffective; (10) law-enforcement officers violated *Miranda* in obtaining his confession; and (11) the trial court gave a presumption-of-intent instruction, which was inconsistent with its

presumption-of-innocence instruction. The district court denied relief. Applicant raises the first seven claims in his application for a COA.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, "[w]here a district court has rejected the constitutional claims on the merits," the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* When a district court resolves the petition on procedural grounds, the applicant's burden is even greater; he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted).  Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* (brackets and internal quotation marks omitted).  Thus, a federal court "may not issue a habeas writ simply because [it] conclude[s] in [its] independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* (internal quotation marks omitted).  Rather, that application must have been unreasonable.  *See id.*  "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (footnote omitted).

To obtain federal habeas relief, a state prisoner must "exhaust[ ] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "The exhaustion requirement is satisfied if the issues have been properly presented to

-4-

the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). The burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993). If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted).

### A.    Ineffective Assistance of Trial Counsel

Applicant raises two claims of ineffective assistance of counsel. First, he contends that trial counsel was ineffective because he failed to investigate the case adequately and did not raise various objections. The district court ruled that the Kansas courts reasonably decided that counsel's performance was not deficient. Second, Applicant argues that trial counsel was ineffective because he had two conflicts of interest: (1) he was a state prosecutor in another county and (2) he represented Applicant at sentencing after Applicant had argued to the district court that his counsel was ineffective. The Supreme Court of Kansas rejected both arguments. It ruled that trial counsel did not have an actual conflict of interest despite his role as an assistant county attorney in another county during the first two months that he represented Applicant. *See Gleason*, 88 P.3d at 238. And it concluded that the second alleged conflict did not adversely affect

trial counsel's performance. *See id.* at 239. The district court determined that these rulings were reasonable. No reasonable jurist would reject the court's denial of these claims.

## B. Aiding-and-Abetting Instruction

Applicant argues that the trial court's aiding-and-abetting instruction misstated Kansas law and that the jury should have been given a foreseeability instruction with the aiding-and-abetting instruction. The Kansas Supreme Court rejected these arguments. *See id.* at 226–30. The district court correctly determined that Applicant could not challenge on federal habeas a state court's interpretation of state law, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and that the instruction did not deprive Applicant of a fair trial. No reasonable jurist would debate the court's denial of this claim.

## C. Inconsistent Theories of Prosecution

Applicant asserts that the federal district court, as well as the state courts, have not understood this claim. In his brief to this court he states it as follows:

> Petitioner challenges whether it was a violation of his due process right to be charged and convicted of burglary as the underlying felony of felony murder when the death occurred during the commission of an aggravated burglary committed by a codefendant. The State's theory at trial was that Collin Cady (co-defendant) killed Clarence Rinke while in the commission of a burglary in which defendant was a participant. The State amends the felony murder charge against Cady to second degree murder unintentional; aggravated burglary; and aggravated battery. Co-defendant was charged in the aggravated burglary charge, "to-wit: Clarance [sic] Rinke's residence, in which there is a human being."

Aplt. Br. at 13. Apparently, Applicant is complaining that the predicate felony

for his felony-murder conviction was burglary yet his codefendant was permitted

to plead to *aggravated* burglary. Perhaps this claim was misunderstood because it

is so clearly without merit. There is nothing unfair about permitting cooperating

codefendants to plead to charges that are inconsistent with the theory upon which

the defendant was convicted by a jury; and here the inconsistency, if any, is

insubstantial. No reasonable jurist would debate the propriety of the district

court's dismissal of this claim.

### D. False Statement and Introduction of a False Confession

Applicant contends that the prosecutor engaged in misconduct by making a

false statement to the jury and introducing into evidence a false confession. The

state court of appeals dismissed this claim, which was asserted in Applicant's first

state collateral attack on his conviction, because Applicant had not shown

exceptional circumstances excusing his failure to raise it on direct appeal. *See*

*Gleason*, 2007 WL 2301919, at *3; Kan. Sup. Ct. R. 183(c)(3) (permitting post-

conviction correction of trial errors affecting constitutional rights only upon

showing of "exceptional circumstances"). The federal district court concluded

that it could not review the claim because it was procedurally barred. *See*

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state

prisoner has defaulted his federal claims in state court pursuant to an independent

and adequate state procedural rule, federal habeas review of the claims is barred

unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . .").  Applicant appears to concede procedural default, but argues that he could overcome it because his appellate counsel was ineffective in not raising the issue on direct appeal.  *See id.* at 753–54 ("Attorney error that constitutes ineffective assistance of counsel is cause . . . .").  But Applicant did not adequately raise below a claim of ineffective appellate counsel.  Even after the State argued in federal district court that the claim of ineffective appellate counsel was too conclusory to justify relief, Applicant did not address the issue in his traverse, and the district court quite naturally, and properly, agreed with the State.  We therefore reject Applicant's attempt to overcome his procedural default.  Reasonable jurists would not debate the correctness of the district court's procedural ruling.

### E.    Introduction of Evidence of Past Crimes

Applicant argues that the prosecutor engaged in misconduct by introducing evidence of his past crimes, in violation of one of the trial court's orders.  The Kansas Supreme Court determined that any prosecutorial misconduct in introducing the evidence was not prejudicial because (1) the trial judge sustained an objection to the evidence and admonished the jury to disregard it and (2) the evidence of Applicant's guilt was so overwhelming that there was no likelihood that any error changed the trial's result.  *See Gleason*, 88 P.3d at 232.  The

district court concluded that the Kansas Supreme Court's decision was reasonable. Reasonable jurists would not debate the court's resolution.

## F. Terms of Plea Agreement

Applicant argues that his due-process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated because the State failed to disclose to defense counsel the terms of his codefendants' plea agreements. But, as the federal district court noted, both codefendants who testified against him had admitted at trial that they had entered into plea agreements with the prosecution. We fail to see a *Brady* violation; and no reasonable jurist would disagree with the district court that Applicant has failed to show prejudice from any nondisclosure.

## G. Withholding Evidence

Applicant argues that the State withheld evidence of telephone records subpoenaed in 1999 that would have aided his defense.[1] The state court of appeals ruled that there was no prejudice because Applicant received copies of the identical records before trial, and the records were incriminatory, not exculpatory. No reasonable jurist would dispute the district court's conclusion that the court of appeals' decision was not unreasonable.

## III. CONCLUSION

---

[1] This argument appears in the portion of the Applicant's brief asserting ineffective assistance of counsel. He argues that the prosecutor's actions in withholding the evidence violated his right to effective assistance of counsel under *Strickland*. Despite Applicant's label, this is in substance a prosecutorial-misconduct claim, and we treat it as such.

We DENY the application for COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge