**UNITED STATES COURT OF APPEALS**

**October 10, 2013**

**TENTH CIRCUIT**

AMINU ZEGARIAH TIJUAN INUWA,

    Petitioner - Appellant,

v.

JUSTIN JONES, Director,

    Respondent - Appellee.

No. 13-5067
(D.C. No. 4:10-CV-00430-JHP-PJC)
(N.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

Aminu Inuwa filed an application for relief under 24 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma on October 21, 2010. He raised 27 claims, all of which were denied. He now requests a certificate of appealability (COA) from this court so that he can pursue an appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal denial of habeas application). We deny a COA and dismiss the appeal.

## I. BACKGROUND

Mr. Inuwa pleaded nolo contendere in Oklahoma state court to charges of robbery

with a firearm and possession of a firearm by a convicted felon.  His motion to withdraw his pleas was denied after a hearing.  He appealed the denial to the Oklahoma Court of Criminal Appeals (OCCA), and was granted a new hearing, but with the same result.  The OCCA denied a second appeal, after which Mr. Inuwa filed a pro se application for postconviction relief in the state district court.  The court denied his petition and the OCCA dismissed his appeal as untimely.  Mr. Inuwa then filed his § 2254 application in federal district court.

The district court addressed 27 claims raised by Mr. Inuwa.  Four claims were dismissed as moot because they concerned the conduct of the first hearing on Mr. Inuwa's application to withdraw his plea of nolo contendere.[1]  Nineteen claims were procedurally barred.[2]  They were raised in Mr. Inuwa's state petition for postconviction relief, but the state trial court rejected them on the merits and the OCCA dismissed his appeal as untimely.

---

[1] The claims dismissed as moot were:  (1) "Because defense counsel notified court of a conflict of interest the trial court erred by not appointing new counsel to represent petitioner at the hearing on his request to withdraw pleas," R., Vol. I at 60, 62; (2) "Because the trial court granted petitioner's request to withdraw his pleas in open court, the trial court deprived the petitioner of his due process rights when it rescinded its decision," *id.* at 61; (3) "Petitioner was deprived of his right to effective assistance of counsel at hearing on the motion to withdraw pleas," *id.* at 64; and (4) "Because the trial court initially granted petitioners [sic] request to withdraw pleas in open court, the trial court deprived the petitioner of his due process rights when it later rescinded its decision," *id.* at 68.

[2] Mr. Inuwa did not describe these 19 claims individually, but rather cross-referenced his Oklahoma state-court application for postconviction relief.  All the claims alleged ineffective assistance of appellate counsel for "failure to raise errors which affected outcome of trial court process."  Aplt. Br. at 5.

That left only four claims to be addressed on the merits. First, Mr. Inuwa claimed that his nolo contendere pleas were not voluntary because he knew that his attorney was not prepared to go to trial. But the district court found that the record supported the OCCA's conclusion that the pleas were knowing and voluntary. Second, he claimed that the prohibition of double jeopardy precluded his being convicted of both offenses. But the court ruled that the OCCA properly decided as a matter of state law that the convictions were for distinct offenses. Third, Mr. Inuwa claimed that he must be allowed to withdraw his pleas because there was no factual basis to support them. But the court rejected this claim because the OCCA's finding of a sufficient factual basis was a matter of state law and did not unreasonably apply federal law. Finally, the court considered Mr. Inuwa's claim that he received ineffective assistance of counsel because his attorney filed a motion to withdraw pleas which did not comply with the rules of the Oklahoma court. The court dismissed the claim, agreeing with the OCCA that Mr. Inuwa was unable to demonstrate prejudice because he had been given two hearings at which he could explain why he sought to withdraw his pleas without any limitations arising from the motion's failure to comply with the rule.

Mr. Inuwa's brief is almost impossible to navigate. As best we can understand, however, he appears to be making the following claims in his request for a COA from this court: (1) at his first hearing to withdraw his pleas, the Oklahoma district court was biased because it relied only on selective portions of the record; (2) at the same hearing, the Oklahoma district court erred when it did not appoint new defense counsel after being

notified of a conflict of interest; (3) the Oklahoma district court granted the withdrawal of his pleas during that hearing, but then improperly changed its decision; (4) his appellate counsel was ineffective in various respects, including not properly objecting to various constitutional violations regarding his plea and his hearings, and never raising the issue of his innocence; (5) he has cause to be excused from missing his filing deadline for postconviction relief in the OCCA because of interference by prison officials; (6) he is actually innocent; (7) there is no factual basis to support his pleas; (8) he received ineffective assistance of counsel when his attorney did not list the legal grounds for his motion to withdraw pleas; (9) his pleas were coerced because he knew that his attorney had failed to prepare for trial; (10) the district court erred when it did not consider the totality of the circumstances in evaluating his claims of ineffective assistance of counsel; (11) his pleas were flawed because he was not informed of the elements of the crimes charged; and (12) the use of an 18-year-old out-of-state conviction to enhance his punishment denied him due process.

## II.     DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other

words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In order to obtain federal habeas relief, a state prisoner must "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(A). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted). If an applicant fails to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted). An applicant can overcome procedural default by showing cause and prejudice. S*ee Maples v. Thomas*, 132 S. Ct. 912, 922 (2012). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the

State's procedural rule." *Id.* (brackets and internal quotation marks omitted). Procedural default can also be overcome if there has been a fundamental miscarriage of justice—that is, if the applicant is actually innocent of the crime of conviction. S*ee Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) ("[T]o demonstrate a fundamental miscarriage of justice, a defendant must make a showing of factual innocence . . . .").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Therefore, for those of Mr. Inuwa's claims that the state court adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We decline to review Mr. Inuwa's first, second, and third claims—which challenge the conduct of the first hearing on his motion to withdraw his pleas—because, as the district court explained below, they became moot when the OCCA granted him a second hearing on the motion.

The fourth claim—ineffective assistance of appellate counsel—was properly held by the district court to be procedurally barred. Mr. Inuwa attempts to overcome the

6

procedural bar with his fifth and sixth claims—that his postconviction appeal to the OCCA was impeded by prison officials and that he is actually innocent. But the district court determined that he did not have cause for his procedural default because the reason for the untimely filing was his own failure to file a timely pauper's affidavit, and Mr. Inuwa points to no evidence in the record that prison officials unreasonably obstructed his ability to obtain a pauper's affidavit. Further, he cannot show that there has been a fundamental miscarriage of justice because he offers no new evidence of his innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." (brackets and internal quotation marks omitted)). Thus, Mr. Inuwa has not shown that jurists of reason would find the district court's procedural ruling debatable. *See Slack,* 529 U.S. at 484.

The seventh, eighth, and ninth claims were rejected by the district court on the merits. Mr. Inuwa cannot show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Nor is there any merit to Mr. Inuwa's tenth claim—that the district court applied the wrong standard when evaluating his ineffective-assistance-of-counsel claims.

Mr. Inuwa's eleventh and twelfth claims, insofar as they are meant to be distinct from the claims already discussed, were not raised below. We decline to address them for that reason. *See Grubbs v. Hannigan*, 982 F.2d 1483, 1484 n.1 (10th Cir. 1993).

## III.     CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge