FILED
United States Court of Appeals
Tenth Circuit

May 10, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

AZLEN ADIEU FARQUOIT MARCHET,

    Petitioner - Appellant,

v.

LARRY BENZON,

    Respondent - Appellee.

No. 20-4134
(D.C. No. 2:18-CV-00578-TC)
(D. Utah)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Azlen Marchet, a Utah state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A). He also seeks

leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C.

§ 1291, we deny both requests and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Marchet is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I. BACKGROUND

In 2009, a Utah district court sentenced Mr. Marchet to five years to life in prison on a rape conviction. {ROA at 222.} The Utah Court of Appeals affirmed his conviction, and the Utah Supreme Court denied certiorari. *State v. Marchet*, 284 P.3d 668 (Utah Ct. App. 2012), *cert. denied*, 288 P.3d 1045 (Utah 2012). Mr. Marchet then filed two petitions for post-conviction relief. Both were dismissed on summary judgment. The Utah Court of Appeals affirmed those dismissals. {ROA at 779, 830; *id.* at 329, 378.} Mr. Marchet did not seek certiorari from the Utah Supreme Court on either petition.

In 2018, while his second state post-conviction petition was pending, Mr. Marchet filed a habeas petition in the federal district court under 28 U.S.C. § 2254. {*Id.* at 5.} He filed an amended § 2254 petition after the Utah Court of Appeals summarily affirmed the dismissal of his second state petition. {*Id.* at 222.}

The state moved to dismiss Mr. Marchet's § 2254 petition, arguing the issues raised were unexhausted and procedurally defaulted.[2] {*Id.* at 385.} The district court agreed and dismissed the petition. {*Id.* at 856.}

---

[2] The state also argued that Mr. Marchet's petition was not timely, but the district court did not address this alternative ground.

## II. DISCUSSION

### A. *Legal Background*

Before we may exercise jurisdiction over Mr. Marchet's appeal, he must obtain COAs for the issues he wishes to raise. *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3). Where, as here, the district court dismissed the § 2254 application on procedural grounds, we will grant a COA only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A petitioner seeking review of a state conviction under 28 U.S.C. § 2254 must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, prisoners must fairly present their claims to the state's highest court—either by direct appeal or in a post-conviction attack—before asserting the claims in federal court. *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009); *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999). When a petitioner has failed to exhaust his claims and "the relevant state courts would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (quotations omitted).

### B. *Analysis*

Mr. Marchet cannot obtain a COA because he failed in his brief to address the district court's grounds for dismissing his petition. Moreover, he not only failed to exhaust his claims in state court but those claims are also subject to anticipatory

3

procedural bar.

In its order dismissing Mr. Marchet's petition, the district court found that none of the grounds for relief raised in the petition were exhausted in state court. {*Id.* at 857-58.} Mr. Marchet said he raised these claims in his first petition for state post-conviction relief. {*Id.* at 227-32.} But even if that is so, he did not seek certiorari from the Utah Supreme Court on either of his state post-conviction proceedings, and thus failed to exhaust these claims.

The district court further concluded that any attempt to raise these claims in future state habeas petitions would be procedurally barred by Utah's Post-Conviction Remedies Act, Utah Code Ann. § 78B-9-106(1). {*Id.* at 859.} The claims are thus procedurally defaulted. *Grant*, 886 F.3d at 892.

In his brief to this court, Mr. Marchet does not address the district court's exhaustion and procedural default rulings. He thus waives any challenge to them. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (The rule that "[a]rguments not clearly made in a party's opening brief are deemed waived" applies "even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings."). Mr. Marchet has not shown that reasonable jurists could debate the correctness of the district court's decision. He therefore is not entitled to a COA.

## III. **CONCLUSION**

Mr. Marchet has not made the showing required for a COA. We therefore dismiss this matter. We also deny his request to proceed *ifp*.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge