F I L E D
United States Court of Appeals
Tenth Circuit

MAY 18 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JUAN JOSE VALLADARES-
SANDOVAL,

Petitioner-Appellant,

v.

STEVEN BECK, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 03-6325

(D.C. No. CV-03-199-F)
(W.D. Oklahoma)

ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Petitioner Juan Jose Valladares-Sandoval, an Oklahoma state prisoner appearing

pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition.  We

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

exercise jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand with directions to dismiss the petition without prejudice.

On October 1, 2001, after pleading guilty, petitioner was convicted in Oklahoma state court of trafficking in illegal drugs and was sentenced to 25 years' imprisonment. He did not file a direct appeal. On February 28, 2002, he filed an application for state post-conviction relief, asserting five grounds for relief: (1) his guilty plea was a product of the combination of his inability to speak English, which he asserted was the equivalent of operating under a mental disability, and ineffective assistance by defense counsel; (2) he was denied his right to call the Mexican consulate to obtain legal representation and to have the charges against him transferred to federal court; (3) the information was fatally defective and failed to confer jurisdiction upon the state district court; (4) his rights were violated at sentencing because a presentence investigation report was not prepared and defense counsel failed to present mitigating circumstances; and (5) the prosecutor withheld Brady material that petitioner could have used to obtain dismissal of the charges against him. The state court denied relief on May 8, 2002. On October 23, 2002, petitioner attempted to appeal the ruling by filing an application for writ of habeas corpus with the Oklahoma Court of Criminal Appeals (OCCA). On November 13, 2002, the OCCA declined jurisdiction over the matter, noting petitioner failed to attach a copy of the state district court's order as required by Rule 10.1(C)(2) of the Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (Supp. 1998).

2

Petitioner filed his federal habeas petition on February 13, 2003, asserting (1) his guilty plea was invalid because the interpreter in state court misinterpreted both his and the state district court's statements when he entered his guilty plea; (2) the prosecutor withheld Brady material; (3) he was denied the right to contact the Mexican consulate; and (4) the state district court lacked jurisdiction. The magistrate judge concluded petitioner's claims were procedurally barred and the district court agreed, denying the petition. The district court granted petitioner a certificate of appealability.

After carefully examining the record on appeal, we conclude petitioner has failed to exhaust all of the claims asserted in his habeas petition. In particular, petitioner has not presented his claim to the Oklahoma state courts that he recently learned the interpreter in the state proceedings misinterpreted his statements and those of the district court, thereby rendering his guilty plea unknowing and involuntary. Because we are unsure if this claim, allegedly based on newly discovered information, would be procedurally barred in Oklahoma state court, we conclude it is proper to dismiss the petition without prejudice to afford petitioner an opportunity to pursue the claim in Oklahoma state court or to refile a federal habeas petition containing only his exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (noting federal courts may dismiss mixed petitions to allow petitioner to return to state court to pursue state court remedies); Brown v. Shanks, 185 F.3d 1122, 1125 (10th Cir. 1999) (same).

The judgment of the district court is REVERSED and the case is REMANDED

3

with directions to dismiss the petition without prejudice.

Entered for the Court

Mary Beck Briscoe
Circuit Judge