**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 20, 2005**

**TENTH CIRCUIT**

JUAN JOSE VALLADARES-
SANDOVAL,

Petitioner-Appellant,

v.

STEVEN BECK, Warden,

Respondent-Appellee.

No. 05-6032

(D.C. No. 04-CV-1227-F)

(W.D. Okla.)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY,** Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se 28 U.S.C. § 2254 prisoner appeal. Petitioner pled guilty in state court to one charge of trafficking in illegal drugs and was sentenced to twenty-five years' imprisonment. He did not appeal the propriety of his plea agreement or the legality of his sentence in state court. However, Petitioner did apply for post-conviction relief in the state system, which was denied on jurisdictional grounds. He then petitioned the federal district court for habeas

corpus relief, which was denied as being procedurally barred. Petitioner appealed the district court's decision, and we reversed and remanded with instructions to dismiss the petition without prejudice for failure to exhaust state court remedies.[1] *Sandoval v. Beck*, 99 Fed. Appx. 835, 836, 2004 WL 1098933, at *2 (10th Cir. May 18, 2004).

Petitioner thereafter attempted to exhaust his state remedies. He then filed the underlying § 2254 petition and asserted three claims allegedly entitling him to habeas relief: (1) the interpreter in his state court proceedings provided inadequate interpretation services during the plea agreement proceeding; (2) the prosecutor withheld evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963); and (3) the Mexican consulate was not contacted. Embedded within these claims Defendant asserts that he was denied effective assistance of counsel.

In a thirteen-page Report and Recommendation ("R&R"), the magistrate judge recommended that the petition be denied. Petitioner objected to the R&R claiming that the district court erred because it failed to consider Petitioner's "rebuttal" (i.e., that certain relevant pleadings were not addressed) and failed to

---

[1]Although Petitioner previously filed a § 2254 petition, the instant matter is not successive for purposes of the AEDPA's gatekeeping provisions because the prior petition was dismissed without prejudice for failure to exhaust his state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

properly evaluate Petitioner's justification for defaulting several of his claims. Rec., Tab 16, at 1-2. After conducting a de novo review of the petition, the district court overruled Petitioner's objections to the R&R, adopted the magistrate judge's R&R in its entirety, and denied the habeas petition. Petitioner now appeals to this court. On appeal, Petitioner raises the same issues that he raised in objection to the magistrate judge's R&R.

The district court also denied Petitioner's request for a certificate of appealability. He has renewed that request with this court. In order for us to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2003). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted).

We have carefully reviewed the briefs, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standard for the grant of a certificate of appealability. We conclude that for substantially the same reasons as set forth by the magistrate judge in its December 30, 2004 R&R, which was adopted in its

entirety by the district court, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484.

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge