**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**August 27, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

KEVIN PONIS,

      Petitioner–Appellant,

v.

STEVE HARTLEY, Warden of Arkansas
Valley Correctional Facility; RICK
RAEMISCH,[*] Executive Director,
Colorado Department of Corrections
(CDOC); JOHN SUTHERS, The
Attorney General of the State of
Colorado,

      Respondents–Appellees.

No. 13-1120
(D.C. No. 1:12-CV-00141-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Kevin Ponis requests a certificate of appealability ("COA") to appeal the district

---

[*]Pursuant to Fed. R. App. 43(c)(2) Rick Raemisch replaces Tom Clements as the
Director of the Colorado Department of Corrections.

[**] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's denial of his 28 U.S.C. § 2254 petition.  We deny a COA and dismiss the appeal.

## I

Ponis was convicted in Colorado state court of sexual assault on a child by one in a position of trust as part of a pattern of abuse.  The conviction stemmed from a sexual relationship between Ponis, a high school teacher and tennis coach, and one of his students who was seventeen-years-old at the time.  Ponis conceded all of the operative facts of the charge, but asserted the affirmative defense that he reasonably believed the victim was eighteen-years-old.  The jury rejected this defense as to the count of conviction, but acquitted on one count and hung on eight others.  Ponis was sentenced to an indeterminate term of eleven-years-to-life.

The Colorado Court of Appeals affirmed Ponis' conviction and sentence.  It rejected his claims of prosecutorial misconduct based on improper closing, jury instruction error, and cruel and unusual punishment.  The Colorado Supreme Court denied certiorari.  Ponis filed a motion for reconsideration of his sentence, which was denied by the trial court.  Ponis did not appeal that denial.

Ponis then filed a petition for state post-conviction relief arguing:  (1) his due process rights were violated by the introduction of evidence concerning his sexual relationship with two other students who were each eighteen-years-old; (2) his counsel was ineffective for failing to object to this evidence of other acts, request a special prosecutor, adequately investigate or prepare, argue against a mandatory minimum sentence, object to the consideration of improper facts at sentencing, and object to jury

- 2 -

instructions; (3) the jury instructions were insufficient for failing to require the jury to find that the victim was a "child"; and (4) the statute of conviction violates his due process and equal protection rights. The Colorado Court of Appeals affirmed the trial court's denial of relief, rejecting Ponis' ineffective assistance claim on the merits and concluding that the remainder of his claims were procedurally barred because they were not raised on direct appeal. Certiorari was denied.

Ponis then filed a § 2254 petition in federal district court. In his amended petition, he claimed: (1) that counsel was ineffective in eleven specific respects; (2) that he was denied due process due to the introduction of prior bad acts evidence and the prosecutor's emphasis on that evidence in closing; and (3) that his sentence was unconstitutional because its life portion is cruel and unusual, the statute of conviction is unconstitutional, and a lifetime supervision requirement is unconstitutional. The district court concluded that the majority of Ponis' sub-claims were procedurally barred. It rejected on the merits the ineffective assistance claims that had been exhausted in Ponis' state post-conviction motion and his claim that a potential life sentence is cruel and unusual. The district court further denied a COA. Ponis now seeks a COA from this court.

**II**

Ponis may not appeal the district court's denial of § 2254 relief absent a COA. § 2253(c)(1)(A). We will grant a COA only upon a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). With respect to claims dismissed by the district court on procedural grounds, Ponis must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. To prevail on the merits, Ponis must show that the state courts' adjudication either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

## A

The district court held that the majority of Ponis' ineffective assistance sub-claims, his due process claim, and his sentencing sub-claims other than his challenge to his potential life sentence were procedurally barred. Before this court, Ponis challenges the district court's procedural ruling as to his ineffective assistance of appellate counsel and due process claims. Because these are the only claims for which Ponis advances a substantive argument, he has waived review of the other claims the district court held procedurally barred. See LaFevers v. Gibson, 182 F.3d 705, 725 (10th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner and without developed argumentation are deemed waived on appeal."). "Although we must liberally construe [a] pro se petition, we are not required to fashion [petitioner's] arguments for him . . . ." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

- 4 -

Before seeking federal habeas relief, a state prisoner must first exhaust state remedies, or show that such remedies are ineffective. § 2254(b)(1). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (quotation omitted). We will not consider procedurally defaulted claims unless a "petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted).

Because Ponis' ineffective assistance of appellate counsel claim was raised only in his reply brief, it was not properly presented to the Colorado Court of Appeals following the denial of his Colo. R. Crim. P. 35 motion. Under Colorado law, issues raised for the first time in a reply brief will not be considered. See People v. Czemerynski, 786 P.2d 1100, 1107 (Colo. 1990). Thus the Colorado Court of Appeals did not analyze Ponis' ineffective assistance of appellate counsel claim. And claims that could have been raised in an initial Colo. R. Crim. P. 35 motion are procedurally barred under state law, subject to certain exceptions inapplicable here. Colo. R. Crim. P. 35(c)(3)(VII). Because Ponis' ineffective assistance of appellate counsel claim was not properly presented to the state courts, and cannot now be so presented, it is subject to an "anticipatory procedural bar." Cummings, 506 F.3d at 1223 (quotation omitted).

Ponis argues, however, that he asserted a "general" ineffective assistance of counsel claim and that he noted his trial counsel also handled his appeal. But "[f]air

- 5 -

presentation" to a state court "requires more than presenting all the facts necessary to support the federal claim." Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006) (quotations omitted). We agree with the district court that Ponis did not fairly present an ineffective assistance of appellate counsel claim to the Colorado Court of Appeals.

Although Ponis sought to advance his due process claims in a Rule 35 petition, the Colorado Court of Appeals declined to consider those claims because they could have been, but were not, raised on direct appeal. See People v. Versteeg, 165 P.3d 760, 763 (Colo. App. 2006). Ponis argues that this failure was caused by ineffective assistance of his appellate counsel. But "the exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488-89 (1986) (quotation and citation omitted). Because Ponis did not assert ineffective assistance of appellate counsel to the state courts, he may not now avoid procedural bar on this basis.

Ponis argues that his ineffective assistance of appellate counsel and his due process claims are rescued by Martinez v. Ryan, 132 S. Ct. 1309 (2012). In Martinez, the Supreme Court held that if

> under state law, claims of ineffective assistance of trial counsel must be
> raised in an initial-review collateral proceeding, a procedural default will
> not bar a federal habeas court from hearing a substantial claim of
> ineffective assistance at trial if, in the initial-review collateral proceeding,
> there was no counsel or counsel in that proceeding was ineffective.

- 6 -

Id. at 1320; see also Trevino v. Thaler, 133 S. Ct. 1911, 1915 (2013) (extending rule in Martinez to circumstances in which state law does not require claims of ineffective assistance of trial counsel to be brought in collateral proceedings, but "make[s] it virtually impossible for an ineffective assistance claim to be presented on direct review" (quotation omitted)).  However, the Court in Martinez made clear that it announced a "narrow exception" that applies only with respect to "cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  132 S. Ct. at 1315; see also Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012) (Martinez applies "only to a prisoner's procedural default of a claim of ineffective assistance at trial, not to claims of deficient performance by appellate counsel" (quotation and emphasis omitted)).  Because Ponis does not attempt to establish cause for his default of an ineffective assistance of trial counsel claim, Martinez does not aid him.

**B**

Ponis raises two properly exhausted ineffective assistance sub-claims on appeal. He argues that that trial counsel was ineffective in failing to object to the introduction of prior bad acts evidence and in failing to properly investigate the case.[1]  A petitioner

---

[1] Ponis also argued below that counsel was ineffective for failing to request a special prosecutor and failing to seek a jury instruction as to whether the victim was a "child."  Because he does not argue these issues on appeal, they are waived. See LaFevers, 182 F.3d at 725.  We also note that the district court concluded that several of the sub-claims, as it numbered them, were merely duplicative of exhausted claims.

Continued . . .

- 7 -

claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In ruling that Ponis did not establish prejudice, the Colorado Court of Appeals identified and applied this standard.

We conclude that the Colorado Court of Appeals' determination was at least reasonable. See Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011) (to obtain § 2254 relief, petitioner must show that state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement"). At trial, the only disputed issue was whether Ponis reasonably believed that the victim was eighteen-years-old at the relevant time. However, extensive evidence tending to defeat this defense was presented at trial. The victim testified that she and Ponis discussed her age in several specific contexts. In two recorded phone calls played for the jury, Ponis expressed no surprise when the victim noted she was seventeen during the relevant time. In a police interview also played for the jury, Ponis admitted that he "did know she was 17" before immediately backtracking.

Regardless of the numbering system, we agree that these two sub-claims, and no others, were properly exhausted and asserted in this appeal.

And Ponis conceded that he had access to the victim's date of birth in school records.

In light of this evidence, the Colorado Court of Appeals reasonably concluded that the introduction of testimony from two other students with whom Ponis engaged in sexual activity was not prejudicial. Their testimony showed that Ponis used a common plan—engaging in strikingly similar grooming tactics with three different students—and demonstrated that his sexual activity with the victim was premeditated. Further, this information was relevant to the issue of whether Ponis possessed a reasonable but mistaken belief as to the victim's age at the time he engaged in sexual activity with her, because Ponis had access to the victim's date of birth. As the Colorado Court of Appeals noted in rejecting Ponis' direct appeal, the evidence strongly suggested, and the jury found, that Ponis unreasonably declined to check the victim's date of birth.

We reach the same conclusion regarding Ponis' claim that his counsel failed to investigate evidence suggesting that he did not know the victim was seventeen. Regardless of Ponis' subjective belief, Ponis acted unreasonably by declining to spend a few seconds to check the victim's age during the several months in which he schemed to engage in sexual activity with her.[2] And although Ponis claims that the jury struggled

---

[2] We also note that several of Ponis' assertions with respect to the potential and actual evidence are incorrect. He notes that the victim consumed alcohol on a trip to Australia (where the drinking age is eighteen) in support of his reasonable belief argument, but this trip occurred well after the sexual relationship began. Similarly, Ponis claims that uncalled witnesses would have testified to the difficulty of accessing a student's date of birth, but Ponis admitted that it would have taken only three or four clicks of a mouse. And although Ponis now claims that he did not express surprise

Continued . . .

with the verdict, the fact that it submitted a question to the judge on the meaning of "reasonable" suggests that it convicted on this particular basis. The state court's conclusion as to Ponis' ineffective assistance claims was not an "unreasonable determination of the facts in light of the evidence presented" or "contrary to, or . . . an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

The same is true of Ponis' claim that an indeterminate sentence of eleven years-to-life is cruel and unusual. The Colorado Court of Appeals correctly identified the governing principles of federal law in assessing this claim: "[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003) (quotation omitted). Ponis does not point to any Supreme Court precedent declaring a similar sentence for a similar offense to be grossly disproportionate, and we cannot say that the state court acted unreasonably in holding that Ponis committed a grave and serious offense. Although Ponis attempts to minimize his culpability by noting that the victim was near the age of majority, we agree with the Colorado Court of Appeals that the statute of conviction targets those who would treat vulnerable children as tools for sexual gratification. We conclude that the state court's rejection of this claim was within the realm of "fairminded disagreement" and thus entitled to deference. Harrington, 131 S. Ct. at 787.

## III

during the recorded phone calls because he learned the victim had been seventeen prior to those calls (but not at the time the relationship began), he testified to the contrary at trial.

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.  Ponis'

motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

- 11 -