FILED
United States Court of Appeals
Tenth Circuit

February 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY DEAN ALBRIGHT,

        Petitioner - Appellant,

v.

RICK RAEMISCH, Exec. Dir. CDOC;
DAVID WALCHER, Arapahoe County
Sheriff; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

        Respondents - Appellees.

No. 14-1496
(D.C. No. 1:14-CV-01505-LTB )
(D. Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Gregory Dean Albright, proceeding pro se,[1] filed an application for relief under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado, challenging his state parole revocation proceedings and incarceration. The district court denied his application and dismissed the action because Mr. Albright failed to exhaust his available state court remedies. Mr. Albright now seeks a certificate of appealability (COA) from this court to pursue an appeal challenging the district court's decision. For the reasons explained below, we deny a COA and dismiss this matter.

## I.    BACKGROUND

Mr. Albright is currently in the custody of the Colorado Department of Corrections awaiting resolution of parole revocation proceedings. [ROA 365] While incarcerated, Mr. Albright filed various claims within the Colorado state court system. Specifically, in February 2014, Mr. Albright filed a petition for a writ of habeas corpus for unlawful detention in the Washington County District Court, claiming that his rights were violated in his parole revocation process. The Washington County District Court denied Mr. Albright's petition, and Mr. Albright appealed the decision to the Colorado

---

[1] Because Mr. Albright appears pro se, we liberally construe his filings. *Yang v. Archuleta*, 525 F.3d 925, 927 (10th Cir. 2008).

Supreme Court. The Colorado Supreme Court affirmed the decision after Mr. Albright failed to timely file an opening brief. [ROA 254–55, 243, 253]

In April 2014, Mr. Albright filed a petition for post-conviction relief pursuant to Rule 35(c)(2)(VI) of the Colorado Rules of Criminal Procedure in the Adams County District Court, alleging that his parole revocation process violated state and federal law. [ROA 131, 134] The Adams County District Court, citing Rule 35(c)(2)(VII), denied Mr. Albright's petition on the merits.[2] [ROA 158] Mr. Albright did not appeal this decision. [ROA 372]

Later that same month, Mr. Albright filed with the Colorado Supreme Court a "Petition for Colorado Supreme Court Original Jurisdiction in the First Instance." Mr. Albright asked the court to exercise its general superintending authority over all courts to correct what Mr. Albright characterized as the Parole Board's systemic practice of conducting parole revocation proceedings in violation of state and federal law. [ROA

---

[2] Rule 35 provides in relevant part,

> every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth . . . (VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or (VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

Colo. R. Crim. P. 35(c)(2)(VI)–(VII).

-3-

269–71] The court declined to accept original jurisdiction to address the merits of Mr. Albright's claims. [ROA 301]

Finally, in June 2014, Mr. Albright filed a petition for writ of habeas corpus for unlawful detention in the Arapahoe County District Court, raising, among other challenges, the constitutionality of his detention and parole revocation proceedings. [ROA 164–79] After conducting a hearing, the district court denied Mr. Albright's petition on the merits. Mr. Albright filed a petition for rehearing, which, at the time of the district court's order in the instant case, was pending with the Arapahoe District Court. [ROA 373]

In May of 2014, while some of these cases were pending in the state court, Mr. Albright filed an application for writ of habeas corpus in the federal district court, challenging the execution of his sentence under 28 U.S.C. § 2241.[3] [ROA 365] According to Mr. Albright, the parole revocation process and detention violated his constitutional rights to due process and equal protection, and violated his rights against excessive bond, cruel and unusual punishment, and unreasonable seizure. [ROA 36–49] Rather than address the merits, the district court denied Mr. Albright's application and dismissed the case without prejudice, holding that he had failed to exhaust available state court remedies as required by federal law. [ROA 368–73] In addition, the district court

---

[3] In July 2014, Mr. Albright filed an amended application with the district court. [ROA 31]

declined to excuse the exhaustion requirement in Mr. Albright's case, reasoning that he had failed to show that the State's corrective process was unavailable or otherwise ineffective to protect his rights. It denied Mr. Albright a COA. [ROA 374–75]

Mr. Albright now seeks a COA from this court, challenging the district court's decision that he failed to exhaust his state court remedies. He has also moved to proceed in forma pauperis and made two motions for oral argument.[4] We first address the exhaustion requirement before turning to Mr. Albright's outstanding motions.

## II.    DISCUSSION

### A.  Standard of Review

A state prisoner may appeal from the denial of federal habeas relief under § 2241 only if he first obtains a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (recognizing the COA requirement applies to § 2241 petitions). We will only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petitioner seeks to appeal a dismissal based on "procedural grounds without reaching the prisoner's underlying constitutional claim," the petitioner seeking a COA must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[4] Additionally, Mr. Albright filed a motion for release pending his appeal of the court's dismissal of his § 2241 application, which we previously denied.

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### B. Exhaustion of State Court Remedies

A habeas petitioner bringing an action under § 2241 is required to exhaust available state court remedies prior to filing suit in federal court. *Montez*, 208 F.3d at 866. This requires Mr. Albright to have "fairly presented" his claims to the state court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). As a general rule, fair presentment means that the federal issues have been "'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)). Although the exhaustion requirement is "strictly enforced," *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995), we will excuse a habeas corpus applicant from the exhaustion requirement if "there is an absence of available State corrective process . . . or . . . circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B).

In his request for a COA, Mr. Albright challenges the district court's decision that he failed to exhaust his administrative remedies. He claims the court should have excused the exhaustion requirement because State officials kidnapped him, altered his post-conviction relief filing from one proceeding under Rule 35(c)(2)(VI) to one proceeding under Rule 35(c)(2)(VII), made false files, deliberately misfiled documents, withheld

-6-

records, tampered with legal mail, and transferred him between facilities in order to impede his litigation abilities.[5] [Aplt. Request for COA and Opening Brief 16–18]

Notwithstanding Mr. Albright's unsubstantiated allegations of nefarious conduct on the part of the State, there is nothing in the record to indicate that the State's corrective process was unavailable or that any circumstances existed that would render this process ineffective. Rather, the record illustrates Mr. Albright simply failed to fairly present his claims to the Colorado Supreme Court.

For example, the Colorado Supreme Court affirmed the denial of Mr. Albright's petition for a writ of habeas corpus in the Washington County District Court after Mr. Albright failed to timely file an opening brief. Similarly, after the Adams County District Court denied Mr. Albright's petition for post-conviction relief, he failed to appeal the denial.[6] Mr. Albright has pointed to no evidentiary support in the record that would

---

[5] In addition, Mr. Albright reargues his challenges to the constitutionality of his parole revocation proceedings and detention. [Aplt. Request for COA and Opening Brief 16] He also claims that he was entitled to bail pending the district court's habeas review. [Aplt. Request for COA and Opening Brief 19] Because whether or not Mr. Albright should be excused from the exhaustion requirement is dispositive, and because we conclude the district court correctly determined that Mr. Albright did not exhaust his state court remedies, we limit our discussion to the exhaustion issue alone.

[6] Mr. Albright is correct that his petition before the Adams County District Court asserted that he was entitled to post-conviction relief under Rule 35(c)(2)(VI), which provides that a party may seek relief on any "grounds otherwise properly the basis for collateral attack upon a criminal judgment," but the Adams County District Court's opinion cited Rule 35(c)(2)(VII), which provides relief where "the sentence imposed has been fully served or . . . there has been unlawful revocation of parole, probation, or

Continued . . .

-7-

excuse his failure to properly appeal these decisions or illustrate why these appeals might have been futile or ineffective. And with respect to Mr. Albright's petition for writ of habeas corpus before the Arapahoe County District Court, this matter was still pending in the state court at the time of the district court's order dismissing the current § 2241 application. Mr. Albright must complete the proper state court procedures with respect to that case before seeking relief on the same claims in federal court.

Likewise, Mr. Albright's request, that the Colorado Supreme Court exercise its original jurisdiction, does not constitute fair presentment of his claims, *see Castille*, 489 U.S. at 351 (holding that using a state procedure that is discretionary and limited in scope is not fair presentation), nor does the Colorado Supreme Court's discretionary decision not to exercise its original jurisdiction illustrate that the State's corrective process was unavailable or that such process would be ineffective. Indeed, the Colorado Supreme Court's exercise of its original jurisdiction "is extraordinary in nature and . . . shall be granted only when no other adequate remedy . . . is available." Colo. App. R. 21(a)(1). As explained, Mr. Albright presented his claims in the district courts in the Washington, Adams, and Arapahoe counties, and has had the opportunity to challenge within the state

conditional release." Colo. R. Crim. P. 35(c)(2)(VI), (VII). [ROA 138, 158] The precise grounds upon which Mr. Albright sought post-conviction relief appears to have had no effect on the court's decision to deny the petition on the merits, and we therefore place no significance on the distinction between sections (VI) and (VII). [ROA 158] In any event, Mr. Albright did not appeal the Adams County District Court's decision. Therefore, he cannot establish that the state proceeding was unavailable or that this discrepancy rendered the process ineffective.

court system any adverse decisions. Mr. Albright has pointed to nothing in the record that would establish that these remedies would have been inadequate or that the Colorado Supreme Court abused its discretion in declining to exercise its original jurisdiction in his case.

Accordingly, the State's corrective process was fully available to Mr. Albright and there is nothing to indicate it would have been ineffective if Mr. Albright had properly presented and pursued his claims in the state court. Therefore, we perceive no error in the district court's decision, and jurists of reason would not find it debatable that the district court was correct in dismissing Mr. Albright's § 2241 application on the procedural ground that he failed to exhaust his state court remedies.

### C. Motions to Proceed in Forma Pauperis and for Oral Argument

We now turn to Mr. Albright's motions to proceed in forma pauperis and for oral argument. As illustrated by the discussion above, Mr. Albright has failed to present any nonfrivolous grounds for challenging the district court's conclusion that he failed to exhaust all available state court remedies. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (to succeed on a motion to proceed in forma pauperis, "appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (citing 28 U.S.C. § 1915(a))). Accordingly, we deny his motion to proceed in forma pauperis and direct him to remit the full amount of the appellate filing fee. For the

same reason, we find that oral argument would not assist in the resolution of this matter. We therefore deny Mr. Albright's motions for oral argument.

### III.  CONCLUSION

We DENY Mr. Albright's application for a COA and DISMISS this matter. We also DENY Mr. Albright's motions to proceed in forma pauperis and for oral argument.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge